AO 106 (Rev. 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT

for the

District of Maryland

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*
THE THREE CELLULAR TELEPHONES LOCATED AT THE SALISBURY MARYLAND POLICE DEPARTMENT

Case No. 19-662-SAG

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*: The three cellular telephones located at the Salisbury Police Department, as described in Attachment A.

located in the ____________ District of Maryland, there is now concealed *(identify the person or describe the property to be seized)*:
The items listed in Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

- ☑ evidence of a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. § 922(g)(1) | Possession of firearms by a prohibited person |

FILED ENTERED
LOGGED RECEIVED
MAR 07 2019
AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY DEPUTY

The application is based on these facts:

See the attached Affidavit

- ☑ Continued on the attached sheet.
- ☐ Delayed notice of _____ days (give exact ending date if more than 30 days: __________ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

[signature]
*Applicant's signature*

Arnold Esposito, Jr., Special Agent, ATF
*Printed name and title*

Sworn to before me and signed in my presence.

Date: Feb. 21, 2019

[signature]
*Judge's signature*

City and state: Baltimore, MD

Stephanie A. Gallagher, U.S. Magistrate Judge
*Printed name and title*

## ATTACHMENT A – DESCRIPTION OF ITEMS TO BE SEARCHED

The devices to be searched are described as follows:

1) **One Samsung cellular phone, Model SM-G550T1, SW: G550T1UVU1APF1, FCC ID: A3LSMG550T, unknown serial number.**

The device is currently in the custody of the Salisbury Police Department under Incident Number 201800042915, property number 4.




FILED ____ ENTERED
LOGGED ____ RECEIVED

MAR 07 2019

AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY DEPUTY

2) **One ANS cellular phone, Model UL40, MEID HEX: 99000090559244, MEID DEC: 256691419205608004, FCC ID: 2ALZM-UL40, unknown serial number.**

The device is currently in the custody of the Salisbury Police Department under Incident Number 201800042915, property number 8.



Jnm

**3) One LG cellular phone, Model LS676, Serial Number: 711CYLH3091128.**

The device is currently in the custody of the Salisbury Police Department under Incident Number 201800042915, property number 9.



**ATTACHMENT B**

This warrant authorizes the search for items and information described below that are located within the devices described in Attachment A in furtherance of an investigation into violations of 18 U.S.C. § 922(g):

1. All of the following records, in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form, including but not limited to:

   a. images;
   b. videos and visual recordings;
   c. records of incoming and outgoing voice communications;
   d. records of incoming and outgoing text messages;
   e. the content of incoming and outgoing text messages;
   f. voicemails;
   g. e-mails;
   h. voice and other audio recordings;
   i. contact lists;
   j. data from third-party applications (including social media applications like Facebook and Instagram and messaging programs like WhatsApp and Snapchat);
   k. browser history; and
   l. bank records, checks, credit card bills, account information, and other financial records.

2. Any and all records related to the location of the user(s) of the devices.

3. For each of the Devices

   a. Evidence of who used, owned, or controlled the devices at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, and correspondence;

   b. evidence of software that would allow others to control the Devices, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

   c. evidence of the lack of such malicious software;

FILED ENTERED
LOGGED RECEIVED
MAR 07 2019
AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY DEPUTY

d. evidence of the attachment to the Devices of other storage devices or similar containers for electronic evidence;

e. evidence of counter forensic programs (and associated data) that are designed to eliminate data from the Devices;

f. evidence of the times the Devices were used;

g. passwords, encryption keys, and other access devices that may be necessary to access the Devices;

h. documentation and manuals that may be necessary to access the Devices or to conduct a forensic examination of the Devices;

i. contextual information necessary to understand the evidence described in this attachment.

4. With respect to the search of any of the items described above which are stored in the form of magnetic or electronic coding on computer media or on media capable of being read by a computer with the aid of computer-related equipment (including CDs, DVDs, thumb drives, flash drives, hard disk drives, or removable digital storage media, software or memory in any form), the search procedure may include the following techniques (the following is a non-exclusive list, and the government may use other procedures that, like those listed below, minimize the review of information not within the list of items to be seized as set forth herein, while permitting government examination of all the data necessary to determine whether that data falls within the items to be seized):

a. surveying various file "directories" and the individual files they contain (analogous to looking at the outside of a file cabinet for markings it contains and opening a drawer believed to contain pertinent files);

b. "opening" or cursorily reading the first few "pages" of such files in order to determine their precise contents;

c. "scanning" storage areas to discover and possible recover recently deleted files;

d. "scanning" storage areas for deliberately hidden files; or

e. performing key word searches or other search and retrieval searches through all electronic storage areas to determine whether occurrences of language contained in such storage areas exist that are intimately related to the subject matter of the investigation.

5. If after performing these procedures, the directories, files or storage areas do not reveal evidence of the specified criminal activity, the further search of that particular directory, file or storage area, shall cease